MEMORANDUM **
Christopher Henry Young, a former inmate in both San Joaquin County jail and California Department of Corrections and Rehabilitation (“CDCR”) facilities, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action, without prejudice, for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s dismissal for failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003). We affirm in part, vacate in part, and remand.
The district court properly dismissed the action against Woodford because Young did not exhaust CDCR administrative remedies before filing his complaint in federal court. See Woodford v. Ngo, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that “proper exhaustion” requires adherence to administrative procedural rules). Further, Young failed to show that he was prevented from exhausting CDCR’s remedies.
However, we vacate the judgment and remand for the district court to resolve the action with respect to the unserved County Doe defendants. On remand, Young should be allowed an opportunity to discover the names of the two County Transportation Deputy Sheriffs. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir.1999) (holding that when the identities of alleged defendants are not known before the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds).
Each party shall bear its own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.